# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. 04-00321-DMD<br><br>JOHN T. SHARPE,<br><br>   Debtor. | Chapter 7 |
| KENNETH BATTLEY,<br><br>   Plaintiff,<br><br>v.<br><br>DUANE L. BURTON, ESTATE OF SYBYL E. McCUIN, and WYNA BARRON, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOHN T. SHARPE,<br><br>   Defendants. | Adv. No. A05-90027-DMD<br><br>**Filed On<br>1/24/06** |

## MEMORANDUM ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

The plaintiff has filed a motion for entry of default of defendants Duane L. Burton and Estate of Sybyl E. McCuin. The court has reviewed the motion and concludes that the default of Duane L. Burton may be entered. However, the default cannot be entered as to the Estate of Sybyl E. McCuin. The court finds that there is insufficient evidence before it to establish that Charlotte Robinson is the authorized agent for this named defendant. It appears that Sybil McCuin holds a 1/3 interest, as a tenant in common, in the four-plex which is the subject of this adversary proceeding. Ms. McCuin passed away in

1991.  She had four daughters.  Three of them are residing in Dallas, Texas, and the fourth, Charlotte Robinson, is residing in one of the units of the four-plex.

The plaintiff took the deposition of Ms. Robinson on November 21, 2005.  Ms. Robinson testified that she was in contact with one of her sisters, Maryetta Pryor, but that the other two siblings didn't have phones and she didn't have their addresses.  She asserted that she represented her sisters and herself regarding the disposition of their interests in the four-plex. She said neither she nor her siblings wanted to try to buy the bankruptcy estate's interest in the four-plex, and that they would agree to sell their interests in this bankruptcy proceeding.

It appears that no proceedings have yet been started for the administration of Sybyl McCuin's estate.  The court is uncomfortable with recognizing Ms. Robinson as an appropriate agent for service of Ms. McCuin's estate, or as an authorized agent for her siblings, simply on the basis of the limited information provided in her deposition.  Ms. Robinson and her siblings should be named as additional defendants in this proceeding. The trustee should amend his complaint to name these additional defendants and thereafter serve them in accordance with Fed. R. Bankr. P. 7004.

Additionally, the court notes that no summons has ever been issued for the third defendant named in this proceeding, Wyna Barron.  Ms. Barron is the personal representative of the debtor, John Sharpe, who died after his bankruptcy petition was filed. Even if Ms. Barron consents to the relief which the trustee is seeking in this adversary

2

proceeding, she should still be served with process (or voluntarily enter an appearance), so the court will have jurisdiction over her in this adversary proceeding.

Finally, the court notes that the 120 day period for service of a process, specified in Fed. R. Civ. P. 4(m), made applicable to adversary proceedings by Fed. R. Bankr. P. 7004(a), has elapsed in this proceeding. Given the difficulties which the plaintiff is encountering in identifying the parties in interest, this period will be extended for 90 days to permit him to file an amended complaint, naming Ms. McCuin's daughters as additional defendants, and to thereafter serve process on those additional defendants and Wyna Barron.

An order will be entered consistent with this memorandum.

DATED: January 24, 2006

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve: W. Artus, Esq.
R. Offret, Esq. (courtesy copy)
P. Gingras, Adv. Case Mgr. - √ svd 1/24/06 aam

01/24/06

3